MUMFORD PHILLIPS AND AL

 VS No.8345

HENRY R.PEDARRE,Appellant

 CHARLES F.CLAIBORNE,Judge

November 27th 1922.

Judge Dinkelspiel recused —

Court of Appeal
Parish of Orleans
Filed Nov 27 - 22
J.J.Stansbury

MUMFORD PHILLIPS AND

The Globe Indemnity Company

Vs. No.8345

By R.Pedarre,Appellant.

This is a suit against a surety on a conventional bond.

The petitioners herein Mumford Philips and the Globe Indemnity Co.,represent that in a suit entitled United States ex rel S.Geisenberger vs Friedler and O.A.Gibson No.6737 of the U.S.District Court for the Southern District of Mississipi there was rendered on May 1918 a judgment in favor of plaintiff for the use of Mumford Philips and also for the use of Lambert Bros. against Henry R.Pedarre for $2872.79,of which $1415.07 was for the use of said Lambert Bothers,and for costs $47.93;that the Blobe Indemnity Company was subrogated to the rights of said Lambert Brothers in said suit and judgment;that the said judgment is subject to a credit of $700.00 and they pray for a judgment in favor of the Globe Indemnity Company for $1415.07 subject to a credit of $700 on March 6th,1918 with five per cent per annum interest from May 6"1918 for costs,with five per cent interest from May 6th 1918.

For answer defendant admitted that the judgment mentioned in the petition had been rendered but averred that at the time of its rendition the same Lambert Bros had obtained a judgment against Gibson Hamilton Company and the Globe Indemnity Company in suit No.115582 of the Civil District Court and No.7167 of the Court of Appeal on November 26"1917,and that said judgment had been paid;that said payment had released Pedarre from all liability;defendant specially averred that,not being satisfied with himself and Baker Stewart as sureties on the bond of Gibson Hamilton Co.,the said Lambert Brothers required an additional surety on the bond,which was furnished in the person of the Globe Indemnity Company.

742

There was judgment for the plaintiff and defendant has appealed.

The facts of this case are as follows:

In September 1915, the United States entered into a contract with Gibson Hamilton and Co.to build a certain levee; they furnished bond in the sum of $12,600 with Henry R.Pedarre and Baker Stewart as sureties, conditioned for the full payment of all persons supplying them with labor or materials in the building of said levee; that after said contract had been made the said Gibson Hamilton made a subcontract with Lambert Bros. by which the former hired from the latter a number of mule_ teams to assist in the building of said legee; and in order to secure the performance of this contract and the payment of Lambert Brothers of the hire of said mules, the said Gibson, Hamilton and Co.furnished another bond in favor of Lambert Bros for $4,000 signed by the Globe Indemnity Company.After Lambert had completed his work,he obtained judgment in the Civil District Court on June 26th 1917 and in the Court of Appeal on November 26th 1917 for $1267.25 against Gibson,Hamilton and Co.and the Globe Indemnity Co.In September 1917 suit was filed by the United States under the No.6737 of the U.S. District Court of Mississipi,against the Gibson Hamilton Co. and all other parties interested in the bond of $12,600 by them furnished and against Henry H.Pedarre and Baker Stewart sureties on said bond.Lambert Brothers intervened in said suit claiming $1267.25 being the amount recovered by them by judgment of the Civil District Court, affirmed by the Court of Appeal , against Gibson Hamilton and the Globe Indemnity Company.

On February 4th 1918 Lambert Brothers signed the following ducument :

Lambert Bros

Vs.

Gibson Hamilton Co.

and Globe Indemnity Co.Of New York in solido.

No.

Civil District Court

Parish of Orleans.Div.

743

" Receipt is hereby acknowledged by Lambert Brothers, plaintiffs in the above numbered and entitled cause,from the Globe Indemnity Company of New York of the sum of $1461.41 being amount due Lambert Brothers under judgment of the Civil District Court in the above entitled and numbered matter,as amended by the Court of Appeal,with interest and costs.This payment id made by the Globe Indemnity Co. as surety for Gibson Hamilton and Company.Lambert Brothers hereby expressly recognizes and confirms the right of subrogation of the Globe Indemnity Company in and to all rights,claims,liens,and privileges against Gibson Hamilton and Company,the principal debtors of said Lambert Brothers,including particularly the rights,claims liens and privileges of said Lambert Brothers against Messrs Baker Stewart and Henry Pedarre,sureties upon the bond executed in favor of the United States by Gibson Hamilton and Company to secure the performance of the levee contract upon and under which the claim of Lambert Bothers arose; and the Globe Indemnity Company is hereby expressly subrogated without prejudice to any of its rights,to all the rights and claims of Lambert Brothers against said Stewart and the said Pedarre,as set up in the petition and intervention filed in the name and behalf of the said Lambert Brothers against the said Stewart and the said Pedarre in the United States District Court for the Southern District of Mississipi,at Jackson,under the number 6737 In testimony whereof,the said Lambert Brothers have hereunto arfixed their signatures and seal,in duplicate at the City of New Orleans on this 4th day of February 1918 in the presence of the undersigned witnesses.

Signed Lambert Bros.

Per John M.Lambert

Subsequently in May 1918,in the United States District Court in the above suit of the United States vs O.A.Gibson No.6737,Lambert Brothers obtained Judgment against Baker Stewart

and Henry R.Pedarre for $1415.07

In the present suit the Globe Indemnity Company,one of the Plaintiffs herein,alleging the above receipt and subrogation by Lambert Brothers dated February 4th 1918, copied above and the judgment of the United States Court, asks the judgment against the defendant Henry R.Pedarre for $1415.07 and for $47.93 ~~49$56-0~~ costs of Court as above stated.

It thus appears that Lambert Brothers received payment from the Globe Indemnity Company of $1461.41, being the amount of the judgment rendered in their favor by the Civil District Court, as amended by the Court of Appeal,against the Gibson Hamilton Company and the Globe Indemnity Company and subrogated them to all their rights against said defendants and Baker Stewart and Henry Pedarre.It is true that the transferee of a claim in suit may prosecute the suit in the name of the transferror for the benefit of the transferee.2 La 501-8 R.261-7 A 93-111 La 1021-120 La 369.But in ~~that~~ *such a* case the transferee or subrogee is made a party plaintiff of record in the suit; the suit continues in the name of *the* original plaintiff for the benefit of the transferee, and the judgment is rendered in favor of the transferee.This was not done in this case in the United States Court; but the judgment was rendered in favor of Lambert Brothers alone.Plaintiff's claim therefore rests exclusively upon the legal or conventional subrogation resulting from the payment of the Lambert judgment ~~one has no~~ greater force than the other.11 Duranton P.195 S.244-17 Laurent 360 Article 2161 (2157) of the Civil Code reads as follows ;

Subrogation takes place of right: 1 XX 2 XX 3 XX For the benefit of him who being bound with others or for others for the payment of the debt,had an interest in discharging it C.N.1251 -4 XX C.C.3058 (3027) "When several persons have been sureties for the same debtor and for the same debt the surety who has satisfied the *debt*,has his remedy against the other sureties in proportion to the share of each;but this remedy

takes place only,when such person has paid in consequence of a lawsuit instituted against him" C.N.2033.

There were two bonds, one for $12,600 signed by Baker Stewart and Henry Pedarre in solido and the other was for $4000 signed by the Globe Indemnity Company, both bonds were given for the same debtors Bibson Hamilton Company and for the same debt.

The defendant,however, contends that the payment by the Globe Indemnity Company, surety on the $4000 bond did not entitle it to a subrogation against the sureties on the other bond. The authorities relied upon by the defendant 3 A 205-541 and 35 A 787 does not support his contention.

The theory upon which one surety, who has paid, may call upon his cosurety for a contribution, is that the payment has inured to the benefit and discharge, and that he should not enrich himself at the expense of his cosurety. C.C.1965. Troplong caution on Art.C.N.2033 - Pothier obL.445 -28 Laurent P.269,S. 263-1 S 418-421.

Under the law, Lambert could have sued Stewart and Pedarre on their bond and compelled them to pay his claim. Because Lambert selected the Globe Indemnity Company, the law will not permit it to be made the sole victim by Lambert .Article 3058 of our Code is copied,ipsissimis verbis,from Code Napoleon art 2033 .

In S 426 Troplong says; " But against what sureties has the one who has paid recourse?He has his recourse against all those who,like him,have lent their suretyship.It matters not that this suretyship has not been given simultaneously;it matters not that they have been given by seperate and successive acts.Article 2033 is general it makes no distinction;reason besides asks none.7 Dalloz Rep.Leg.P.587 S 289 -3 Larombiere on Art. 1251 P.355 S 53 —

9 Marcade ( Paul Pont ) on Article C.N. 2033 P.160 S.III "The recourse under article 2033 takes place against

746

all the sureties bound for the payment of the same debt,and what-
soever may be the date of their respective engagements.It matters
little that the sureties should have bound themselves at the
same time,or before,or after the one who has paid;that they
bound themselves by one and the same act,or by successive and
distinct acts: recourse takes place in all cases,the law making
no distinction.Thus Peter binds himself as surety this day for
Paul after Joseph had already bound himself as his surety for
the same debt a year before.Peter pays Paul's debt under one
of the cases mentioned in article 2032 ; he may hold Joseph
by virtue of Article 2033,just as if he had bound himself con-
jointly with Joseph and by the same Act." 21 Baudry Lac.P.544
32 Cyc 288 IV
 On the other hand the plaintiff argues that he may
hold Pedarre liable for the whole debt.He relies upon the case
of Howe vs Frazer 2 R.424.In that case Howe sued Frazer for a
slander,and had him arrested.

 Frazer was released on a bond signed by Vandry.Howe
obtained judgment in the District Court against Frazer for $500 .
Frazer appealed with Walker as surety on his bond.The judgment
was affirmed.In February 1840,Howe issued a fi-fa and a capias ,
The Sheriff returned that he could not find Frazer nor any
property belonging to him.Howe then took a rule against Walker,
the surety on the appeal bond,and obtained against him a judg-
ment for $500 and costs.Howe afterwards took a rule against
Vandry,the surety in the bail bond,and obtained a judgment
against him also for $500,Howe then issued against Walker a
fi-fa,which was returned satisfied by him.By this payment Walker
became unquestionably subrogated to the rights of Howe against
Frazer under the express provisions of Article C.C.2161 (2157 )
S 3 " For the benefit of him who,being bound with others or for
others,for the payment of the debt,had an ineterest in discharg-
ing it."Afterwards " Walker took a rule on Vandry to show cause
why he should not be subrogated to the rights of the plaintiff
(Howe ) against the latter ( Vandry) on the ground of his having
paid 747

paid the debt,and why a fi-fa should not be issued against him for the whole amount,which was made absolute on the 3rd of March, From the judgment making the rule absolute,Vandry has appealed."

Vandry's defense was two fold: 1st That by paying the amount of the judgment the surety on the appeal bond was not subrogated to the rights of the plaintiff against the surety in the bail bond;and 2nd that he was not entitled to recover from the surety on the bail bond the whole amount of the judg ment paid by him but only his proportion, one half.

The Supreme Court affirmed the judgment on the ground that Vandry and Walker were bound for the same debt,and that Walker having been last bound " was induced to undergo the responsibility because the principal's solvency was guarantied by the person who first bound himself for him."that is Vandry; and for that reason,Walker's judgment against Vandry for the whole amount was affirmed.

The only authority relied on by the Court for such a conclusion is Article C.C.2161 (2157 ),and it does not support it. No other article of the code is quoted,nor any previous decision the Supreme Court,nor any opinion of any other Court or commentator,Nor have we met with any authority in the Civil or common law announcing the doctrine advanced for the first and last time by our Supreme Court in that case.It is in direct conflict with article C.C. 3058 (3027) hereinbefore quoted which provides.

"When several persons have been sureties for the same debtor and for the same debt,the surety who has satisfied the debt,has his remedy against the other sureties in proportion to the share of each".

The attention to the Supreme Court does not seem to have been called to that Article 3058.But there never was any decision in any other jurisdiction,nor any law anywhere that induced " Walker to believe in such immunity.On the contrary, the law and the decisions told him,in plain language that,at best he could only have recourse against his cosureties for their proportion.

748

See annex

If the decision of the Supreme Court was correct then in all cases where there were two or more sureties and payment was made by the first surety,he would have no recourse against the subsequent surety because,forsooth principals solvency was guaranteed by the surety who signed before him.

Because the decision in the Howe case stands alone, because it does not purport to interpret Article 3058 and because it announces a doctrine so much in conflict with that article and with the principles and theories,supporting it,and with the jurisprudence in other states we do not consider that we are bound to follow it.We have to choose between the clear and unambiguous law,as we read and understand it,and between an unguarded opinion of the Supreme Court which we consider in derogation of the law.We think our duty is to follow the article of the Code.

In Quaker Realty Co.vs Labasse 131 La 996 (1008 ) the Supreme Court quoted approvingly :

"A single decision is not necessarily binding" 11 Cyc 745 " More than one decision " said Judge Martin in Smith vs Smith 13 La 441 " is required to settle the jurisprudence on any given point or question of law."We have often said" said this Court in Lagrange vs Barre " 11 Rob.302 " it requires more than one decision to establish a jurisprudence. "

" The rule of stare decisis" is entitled to great weight and respect,when there has been on a point of law a series of adjudications all to the same effect;but when we are presented with a single decision,which we believe to have been unadvisedly made,it is incumbent on us to overrule it,if we entertain a different opinion on the question submitted".6 R 216-225-228-13 A 345.

Stewart and Pedarre had signed a solidary bond for $12,600 or was to them for $6,300 each,and the Globe Indemnity Company for $4,000 making bond for the total amount of $16,600.

749

It is therefore ordered that the judgment of the District Court be amended, and it is now ordered, that the Globe Indemnity Company do have and recover judgment against Henry R. Pedarre for $6300 — $16,600 the of $1415.07, plus $47.93, ( subject to a credit of $700 on March 6th 1918 ) with five per cent per annum interest from May 6th 1918 till paid, and for all costs of the District Court herein; the costs of appeal to be paid by the Globe Indemnity Compnay, and that, as thus amended said such judgment be affirmed.

November 27th 1922.